# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## AT COVINGTON

**CIVIL ACTION NO. 17-91-DLB-CJS**

**LORI ARCHEY**                                                                      **PLAINTIFF**


**V.**                          **MEMORANDUM OPINION & ORDER**


**AT&T MOBILITY, LLC, et al.**                                          **DEFENDANTS**

\* \* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Defendants AT&T Mobility, LLC and Amy Waymire (collectively "Defendants") seek dismissal of three counts of Plaintiff Lori Archey's Complaint. (Doc. # 1-1). Specifically, Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted for intentional infliction of emotional distress, negligent infliction of emotional distress, or punitive damages. In their Motion to Dismiss (Doc. # 10), Defendants ask the Court to dismiss Counts Three, Four, and Six of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1367.[1] The Motion is fully briefed (Docs. # 10-1 and 12), and ripe for the Court's review. For the reasons that follow, Defendants' Motion to Dismiss is **granted** and Counts Three, Four, and Six of Plaintiff's Complaint are **dismissed**.

---

[1]     This Court must apply the substantive law of the forum state in which it sits. "A federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Given the present procedural context, the factual summary that follows is taken from Plaintiff's Complaint (Doc. # 1-1), and construed in her favor.  Defendant AT&T Mobility, LLC ("AT&T") was Plaintiff's employer until May 2, 2014.  (Doc. # 1-1 at ¶ 6). Defendant Amy Waymire ("Waymire") was Plaintiff's supervisor at AT&T.  *Id.* at ¶ 5.  In early 2013, Plaintiff applied for intermittent leave under the Family Medical Leave Act ("FMLA").  *Id.* at ¶ 7.  Plaintiff renewed her intermittent FMLA leave in early 2014.  *Id.* at ¶ 8.  Plaintiff alleges in the Complaint that "[d]uring her second intermittent FMLA leave period, Defendants intentionally, recklessly, and willfully reclassified FMLA-qualifying absences as non-FMLA qualifying, denied FMLA approval to FMLA-qualifying absences, and otherwise impermissibly retroactively counted absences against her."  *Id.* at ¶ 9. Plaintiff further alleges that "Defendants intentionally, recklessly, and willfully terminated Plaintiff on May 2, 2014 for exercising her rights under FMLA."  *Id.* at ¶ 11.

Plaintiff filed the instant action on April 25, 2017.  (Doc. # 1-1).  Plaintiff's Complaint alleges seven counts against Defendants.  *Id.*  Specifically, Plaintiff alleges: (1) willful FMLA interference under 29 U.S.C. § 2615(a)(1); (2) willful FMLA retaliation under 29 U.S.C. § 2615(a)(2); (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) negligence/vicarious liability; (6) punitive damages; and (7) causation and damages.  (Doc. # 1-1).  Defendants have filed a Motion to Dismiss seeking dismissal of Plaintiff's claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and punitive damages claims.

## II.    ANALYSIS

### A.    Standard of Review

Defendants seek dismissal of Plaintiff's claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and punitive damages for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 6 at 3). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The standard is met when the facts in the complaint allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not contain "detailed factual allegations," but must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculation level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

### B.    Plaintiff has not sufficiently pled a claim for intentional infliction of emotional distress.

In support of their Motion to Dismiss Plaintiff's claim for intentional infliction of emotional distress, Defendants rely upon Kentucky law that requires a Plaintiff to show that "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" to state a claim for intentional infliction of emotional distress. (Doc. # 6-1 at 4) (citing *Craft v. Rice,* 671 S.W. 2d 247 (Ky. 1984)). Defendants argue that "[b]ecause of the restrictive view Kentucky courts have taken as it pertains to plaintiff claims of IIED [intentional infliction of emotional distress], federal courts have

routinely dismissed these types of claims." *Id.* Defendants further allege that Plaintiff's claim for intentional infliction of emotional distress should be dismissed because "the Complaint is devoid of any factual allegations demonstrating that Defendant's conduct was 'outrageous' and that Plaintiff's emotional suffering was 'severe'." (Doc. # 6-1 at 5). Instead, Defendants allege that Plaintiff's statements were "conclusory" and insufficient to state a claim for intentional infliction of emotional distress. *Id.*

In contrast, Plaintiff argues that she has stated a claim for intentional infliction of emotional distress. (Doc. # 10 at 3). Plaintiff points to facts alleged in the Complaint that "Defendants engaged in a sustained pattern of conduct designed to punish Plaintiff for exercising her federally protected rights and to make an example out of her for other employees who sought FMLA leave." *Id.*

To state a claim for intentional infliction of emotional distress under Kentucky law, Plaintiff must allege four elements. *Craft v. Rice*, 671 S.W.2d 247, 249 (Ky. 1984) (citing *Womack v. Eldridge*, 210 S.E.2d 145, 148 (Va. 1974)). First, Plaintiff must demonstrate "the wrongdoer's conduct was intentional or reckless." *Id.* Plaintiff can demonstrate this when "the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result." *Id.* Second, the Plaintiff must demonstrate that "the conduct was outrageous and intolerable in that it offends against the generally accepted standard of decency and morality." *Id.* This element is "aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved." *Id.* Third, Plaintiff must demonstrate that "there was a causal connection between the wrongdoer's conduct and the emotional distress." *Id.* And fourth, Plaintiff must

demonstrate that the "emotional distress was severe." *Id.*

The Court must decide whether, as a matter of law, accepting Plaintiff's allegations as true, the Complaint contains facts that satisfy the four required elements. Put simply, it does not. The Plaintiff has failed to allege sufficient facts that state a claim for intentional infliction of emotional distress. Plaintiff's Complaint conclusively alleges the elements of the action: "[t]he conduct of the Defendants was so far beyond the bounds of a decent civilized society that such conduct was outrageous and intended to cause severe emotional distress to Plaintiff and did, in fact, cause such severe emotional distress." (Doc. # 1-1 at 6). However, the only facts the Plaintiff alleges are that the Defendants reclassified FMLA-qualifying absences as non-FMLA-qualifying absences and denied FMLA approval to FMLA-qualifying absences. *Id.* at 5. As alleged, these facts are insufficient to state a claim for intentional infliction of emotional distress under Kentucky law.

Kentucky courts have held that the "[m]ere termination [of employment] clearly does not rise to the level of outrageous conduct required to support an IIED claim." *Benningfield v. Pettit Environ., Inc.,* 183 S.W.3d 567, 572 (Ky. Ct. App. 2005); *see also Highlands Hosp. Corp. v. Preece*, 323 S.W.3d 357 (Ky. Ct. App. 2010). Furthermore, even when termination is based on discrimination, it still "does not rise to the level of 'extreme and outrageous conduct sufficient to support a claim for intentional infliction of emotional distress.'" *Id.* (citing *Godfredson v. Hess & Clark, Inc.,* 173 F.3d 365, 376 (6th Cir. 1999).

Thus, even when construed in the light most favorable to Plaintiff, the Complaint's factual allegations regarding Defendants' conduct fails to rise to the level necessary to

merit a claim of intentional infliction of emotional distress. Plaintiff has failed to allege facts that show Defendants "intended to cause emotional distress when it terminated [Plaintiff] or that [Defendants] acted recklessly." *Preece*, 323 S.W.3d 357, 368. Plaintiff's alleged "wrongful termination alone is insufficient to support a claim for intentional infliction of emotional distress." *Id.* Accordingly, Plaintiff's claim of intentional infliction of emotional distress is **dismissed**.

### C. Plaintiff has not sufficiently pled a claim for negligent infliction of emotional distress.

Defendants also argue that Plaintiff has also failed to state a claim for negligent infliction of emotional distress because "Plaintiff has failed to plead any facts which support such a claim." (Doc. # 6-1 at 7). Specifically, Defendants allege that Plaintiff has failed to demonstrate a "severe" emotional injury. *Id.* Defendants argue that "bare conclusory allegations of an emotional injury that is 'severe' or 'serious' or more 'than a reasonable person could be expected to endure' is insufficient to state a claim for NEID [negligent infliction of emotional distress]." *Id.* However, Plaintiff alleges that she has stated a claim for negligent infliction of emotional distress and her claims should "be allowed to proceed for the same reasons that Plaintiff's IIED claims must proceed." (Doc. # 10 at 6).

To state a claim for negligent infliction of emotional distress, a plaintiff must establish the basic elements of negligence: "(1) the defendant owed a duty of care to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Modern Holdings, LLC v. Corning Inc.*, No. 13-405-GFVT, 2015 WL 1481457, at *16 (E.D. Ky. 2015) (quoting *Osborne v. Keeny*, 399 S.W.3d 1, 17 (Ky. 2012)). In addition, the plaintiff must also show that she has

suffered a "'serious' or 'severe' emotional injury." *Osborne,* 399 S.W.3d at 17. A serious or severe emotional injury is one that a reasonable person, normally situated would not be expected to endure. *Id.* "Distress that does not significantly affect the plaintiff's everyday life or require significant treatment will not suffice." *Id.*

In the Complaint, Plaintiff broadly states that "Defendants conduct caused emotional injury that was severe and/or serious." (Doc. # 1-1 at 6). Plaintiff further alleges that "Defendants acted in a negligent manner and Plaintiff has suffered mental stress and/or emotional injury that is greater than a reasonable person could be expected to endure given the circumstances." *Id.* This is insufficient to state a claim for negligent infliction of emotional distress under Kentucky law because "conclusory statements without supporting factual allegations will not withstand a motion to dismiss." *Reed v. Gulf Coast Enterprises,* No. 3:15-CV-00295-JHM, 2016 WL 79998 (W.D. Ky. 2016). Plaintiff has failed to allege facts that demonstrate a serious or severe emotional injury. Specifically, Plaintiff has failed allege facts to show that she has suffered distress that "significantly affects" her everyday life or distress that requires "significant treatment." *Osborne,* 399 S.W.3d at 17. Accordingly, Plaintiff has failed to state a claim for negligent infliction of emotional distress upon which relief may be granted and her claim is dismissed.

### D.     Punitive damages are not a separate cause of action.

Lastly, Defendants argue that "Kentucky law does not recognize a separate cause of action for punitive damages," but rather "punitive damages are a remedy available to a plaintiff, if at trial there are grounds for recovery." *Id.* Plaintiff, on the other hand, cites to case law indicating that "Kentucky does consider punitive damages as a separate claim

and not merely an additional remedy." (Doc. # 10 at 7) (citing *Chesley v. Abbot*, 524 S.W. 3d 471, 480-81 (Ky. Ct. App. Mar. 10, 2017)).

Plaintiff's Complaint also asserts a claim for punitive damages, arguing "[t]he conduct of the Defendants was so reckless, wanton, and grossly negligent that the Plaintiff is entitled to an award of punitive damages." (Doc. # 1-1 at 7). However, under Kentucky law, punitive damages "are a *remedy*, not a cause of action." *Russell v. Citi*, No. 2:12-cv-16-DLB, 2012 WL 594745, at *2 (E.D. Ky. Nov. 28, 2012); *see also Southwynd, LLC v. PBI Bank, Inc.*, No. 3:13-cv-952-CRS, 2014 WL 2575410, at *3 (W.D. Ky. June 9, 2014) (citing *Horton v. Union Light, Heat, & Power Co.*, 690 S.W.2d 382, 389 (Ky. 1985) ("[A] punitive damages claim is not an independent cause of action, but … certain torts entitle a plaintiff to punitive damages.").[2] Therefore, Plaintiff's separate cause of action for punitive damages must be dismissed. *See 859 Boutique Fitness LLC v. Cyclebar Franchising, LLC*, No. 5:1-cv-28-KKC, 2016 WL 2599112, at *3 (E.D. Ky. May 5, 2016).

Even though punitive damages are not a separate cause of action under Kentucky law, Plaintiff may still recover punitive damages should the evidence support such a finding. To do so, Plaintiff must put forth sufficient allegations supported by evidence at the summary-judgment stage or proved at trial that would warrant a punitive-damages instruction. Accordingly, to the extent Plaintiff's Complaint asserts punitive damages as a separate cause of action, the claim must be dismissed.

---

[2]  Plaintiff cites to *Chelsey v. Abbot* to support her argument that punitive damages are a separate cause of action and not merely an additional remedy. *Chelsey v. Abbot*, 2017 WL 943973, at *5 (Ky. Ct. App. Mar. 10, 2017). However, the distinction between Plaintiff's case and *Chelsey* is the existence of a statute that expressly "treats punitive damages as a 'claim'." *Id.* No such statute exists in Plaintiff's case. Thus, punitive damages are not a separate cause of action.

## E. Plaintiff is not entitled to amend the Complaint.

Plaintiff has asked the Court for leave to amend her Complaint to plead claims with additional specificity should the Court grant Defendants' Motion to Dismiss. (Doc. # 10 at 2). Amended complaints are governed by Federal Rule of Civil Procedure 15(a), which provides, in pertinent part:

> A party may amend its pleading once as a matter of course within: (a) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

In support of her request, Plaintiff simply notes that "[l]eave to amend should be freely given when justice so requires" and "Defendants would not be prejudiced in any way by the filing of an Amended Complaint; litigation is in its infancy and the parties have not yet engaged in discovery." (Doc. # 10 at 7).

These recitations of the Federal Rules of Civil Procedure, buried within Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, are insufficient for the two following reasons. First, Plaintiff's request for leave to amend her Complaint was not contained within a formal motion to amend. *Begala v. PNC Bank, Ohio, Nat. Ass'n,* 214 F.3d 776 (6th Cir. 2000). Plaintiff's request to amend in her Response, "is also not a motion to amend." *Id.* at 784. "Indeed, 'a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute a motion within the contemplation of Rule 15(a).'" *Beydoun v. Sessions*, No. 16-2168/2406, 2017 WL 4001336, at *7 (6th Cir. Sept. 12, 2017) (quoting *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004)). If Plaintiff had filed a

motion to amend the Complaint prior to the Court's consideration of Defendants' Motion to Dismiss, "the Court would have considered the motion to dismiss in light of the proposed amendments to the complaint." *Begala,* 214 F.3d at 784. Absent Plaintiff's motion, Defendant is "entitled to a review of the complaint as filed pursuant to Rule 12(b)(6)." *Id.*

Second, there are no facts alleged in the Complaint that support granting Plaintiff's request for leave to amend her Complaint. Any amendment to Plaintiff's Complaint would be futile because Plaintiff "never informed the court of what facts [she] would use to supplement [her] claim, thus allowing [her] to withstand a motion to dismiss." *Beydoun,* 2017 WL 4001336 at *8. Accordingly, "[g]iven the absence of any indication that [Plaintiff's] amended complaint would survive a motion to dismiss," the Court denies Plaintiff's request for leave to amend her Complaint.

## III.   CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1)  Defendants' Motion to Dismiss (Doc. # 6) is hereby **GRANTED**;

(2)  Counts Three, Four, and Six of Plaintiff's Complaint (Doc. # 1) are hereby **DISMISSED**; and

(3)  Plaintiff's request for leave to amend her Complaint is hereby **DENIED.**

This 26th day of December, 2017.



Signed By:
David L. Bunning
United States District Judge